IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| MOBILITY TRANSIT SERVICES, LLC, a Florida limited liability company, | * * * * | |
| Plaintiff, | * * | |
| v. | * * | CV 113-082 |
| AUGUSTA, GEORGIA, | * * | |
| Defendant. | * | |

**O R D E R**

Presently pending before the Court is Plaintiff's motion for a writ of mandamus and for a preliminary injunction (doc. no. 8) and Defendant's motion to dismiss (doc. no. 17).

**I. BACKGROUND**

This dispute arises from the termination of a Transit Management Agreement (the "Agreement") entered into between Defendant Augusta, Georgia (the "City") and Plaintiff Mobility Transit Services, LLC ("Mobility"). In 2011, Mobility entered into the Agreement to provide transit services for the City for an initial term of five years with options to renew. (See Doc. no. 1, Ex. 2.) On February 19, 2013, the City's Commissioners voted affirmatively to provide Mobility with a 90-day notice of

intent to terminate the Agreement.[1] (Doc. no. 1, Ex. 3.) Soon thereafter, the City notified Mobility of its intent to terminate the Agreement and published a Request for Proposals ("RFP"), identified as RFP 13-125, to solicit bids on a new contract for the City's transit services. (Doc. no. 1, Ex. 4; Doc. no. 8, Ex. 3.) In May 2013, Mobility sent a letter protesting RFP 13-125, which the City promptly denied. (Doc. no. 1, Exs. 6-7; Doc. no. 12, Exs. 6-7.)

On May 20, 2013, Mobility filed its Complaint asserting claims for violation of the Georgia Open Meetings Act, mandamus, declaratory judgment, injunctive relief, bad faith, and attorney's fees. (Doc. no. 1.) On May 29, 2013, Mobility filed a motion for writ of mandamus and preliminary injunction. (Doc. no. 8.) The Court set an expedited briefing schedule and held a hearing on June 7, 2013. On June 11, 2013, the City filed a motion to dismiss, and on June 20, 2013, Mobility filed a response thereto. (Doc. nos. 17, 19.)

## II. DISCUSSION

### A. Subject-Matter Jurisdiction

This Court raises sua sponte an issue regarding subject-matter jurisdiction. See Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006) (stating that courts have an "independent obligation

---

[1] On April 3, 2013, the City sent Mobility a letter extending the effective date of termination until July 31, 2013. (Doc. no. 1, Ex. 5.)

2

to determine whether subject-matter jurisdiction exists" before addressing the merits of any case). The Complaint asserts federal diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Compl. ¶ 3.) As Mobility has alleged that the Agreement was worth $4 million annually, the $75,000 amount in controversy requirement appears to be satisfied. (Id. ¶ 7.)

The Complaint further alleges that Mobility is a Florida limited liability company with its principal place of business in Fort Lauderdale, Florida. (Id. ¶ 1.) This is an insufficient allegation of its citizenship. "[A] limited liability company, like a partnership, 'is a citizen of any state of which a member of the company is a citizen.'" Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ., 663 F.3d 1304, 1305 (11th Cir. 2011) (quoting Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004)). "To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company. . . ." Id.

Because the Court cannot determine whether complete diversity exists on the present record, Mobility **SHALL** have until **5:00 p.m.** on **Friday, June 28, 2013,** to put forth factual allegations and evidence supporting diversity citizenship and **SHOW CAUSE** as to why the Court should not dismiss this case. Thereafter, the Court will issue a written order regarding

3

diversity citizenship. Mobility's failure to show cause within the time allotted or failure to adequately address the issue may result in dismissal of this case.

**B. Mandatory Mediation**

In its motion to dismiss, the City raises another preliminary issue – Mobility's failure to engage in mediation as required by the Agreement. (Doc. no. 17, Ex. 1 at 11.) Section 4.15 of the Agreement provides:

> If the parties cannot resolve any dispute, claim, question, or disagreement arising from or relating to or arising out of this Contract or the breach thereof through mutual discussion, as a condition precedent to litigation, the parties shall in good faith participate in private, non-binding facilitative mediation seeking a just and equitable solution satisfactory to all parties.

(Doc. no. 1, Ex. 2 at 51.) Mobility and the City agreed to be "bound" to this requirement "to mediate prior to the commencement of any litigation." Id. On May 31, 2013, the City sent Mobility a letter demanding the dismissal of this case because Mobility did not engage in mediation. (Doc. no. 12, Ex. 8.) It is undisputed that the parties have not participated in mediation to date.

The Court agrees with the City that Section 4.15 establishes a mandatory mediation requirement as a condition precedent to litigation. As with any other contract, this Court cannot simply ignore the clear intent of the parties. Further, the subject matter of this litigation – primarily, the validity

4

of the City's termination of the Agreement – arises out of, or at least relates to, the Agreement and therefore falls within the scope of Section 4.15. See N-Tron Corp. v. Rockwell Automation, Inc., Civ. No. 09-0733, 2010 WL 653760, at *5 & n.11 (S.D. Ala. Feb. 18, 2010) (stating that the phrases "arising out of" and "related to" are routinely construed broadly).

District courts in this circuit are quite willing to enforce agreements to mediate as a condition precedent to litigation. See, e.g., id. at *5; Swartz v. Westminister Servs., Inc., No. 8:10-cv-1722, 2010 WL 3522141, at *2 (M.D. Fla. Sept. 8, 2010). The Eleventh Circuit has also indicated that it favors mediation. See Advanced Bodycare Solutions, LLC v. Thione Int'l, Inc., 524 F.3d 1235, 1241 (11th Cir. 2008) ("We encourage parties to make liberal use of [mediation], and we encourage district courts to liberally employ any authority they have under local rules to order mediation sua sponte when doing so may expedite the resolution of a case."); Kemiron Atl., Inc. v. Aguakem Int'l, Inc., 290 F.3d 1287, 1291 (11th Cir. 2002) (failure to initiate mediation, a condition precedent to arbitration, precluded enforcement of arbitration clause). Likewise, Georgia courts enforce mandatory mediation clauses. See, e.g., Houseboat Store, LLC v. Chris-Craft Corp., 302 Ga. App. 795, 799 (2010) (affirming dismissal of suit for failure to comply with mediation provision).

The Court, however, does not agree with the City that Mobility's failure to submit this dispute to mediation strips this Court of jurisdiction or warrants dismissal of Plaintiff's Complaint. While litigants, commentators, and even courts sometimes "conflate non-performance of a contractual condition precedent with deprivation of subject-matter jurisdiction," federal courts, including the Eleventh Circuit, have held that these questions are "analytically distinct." N-Tron Corp., 2010 WL 653760, at *4 (citing Griffin v. Dugger, 823 F.2d 1476, 1482 n.12 (11th Cir. 1987)). While Mobility's failure to participate in mediation may preclude it from recovering on the merits, this does not itself defeat this Court's jurisdiction. See id.

Moreover, the Court believes that a stay is more appropriate in this case than outright dismissal. "[W]hen confronted with an objection that a plaintiff has initiated litigation without satisfying arbitration or mediation requirements, courts routinely stay rather than dismiss the proceedings to allow for implementation of the agreed-upon dispute resolution mechanism." Swartz, 2010 WL 3522141, at *1. "It is true, of course, that examples in the case law do exist wherein actions have been dismissed for non-compliance with dispute resolution provisions. But that course of action is not mandatory; rather, district courts are vested with discretion to determine whether stay or dismissal is appropriate." N-Tron Corp., 2010 WL 653760, at *7 (citation omitted). Indeed, the

Eleventh Circuit has noted that "district courts have inherent, discretionary authority to issue stays in many circumstances, and granting a stay to permit mediation (or to require it) will often be appropriate." Advanced Bodycare Solutions, LLC, 524 F.3d at 1241.

In this case, a stay is particularly appropriate because Mobility's statute of limitations may have expired during the brief pendency of this action.[2] See N-Tron Corp., 2010 WL 653760, at *8 (finding that dismissal, even without prejudice, was inappropriate where statute of limitations had run, and plaintiff would be effectively barred from ever litigating its claims). Indeed, Section 4.15 of the Agreement itself provides: "In the event that the statute of limitations would run during the required mediation period, either party may institute litigation so as to avoid the running of such statute upon the condition that such party immediately seek a stay of such litigation pending the conclusion of the mediation period." (Doc. no. 1, Ex. 2 at 51.) While Mobility did not seek an immediate stay after filing suit, this provision evidences the

---

[2] Suits alleging violations of the Georgia Open Meetings Act must be brought within ninety days from the date of the alleged violation, or within ninety days from the date the party alleging the violation knew or should have known about the alleged violation, but not to exceed six months. O.C.G.A. § 50-14-1(b)(2). Assuming that Mobility learned of the alleged violation soon after the City sent its notice of termination on February 25, 2013, then the limitations period expired at some point soon after May 26, 2013.

parties' preference for the Court to stay, rather than dismiss, under the current circumstances.[3]

In summary, the Court will **STAY** this case until the mediation condition precedent has been satisfied. To satisfy that condition, the parties must "in good faith participate in private, nonbinding facilitative mediation seeking a just and equitable solution satisfactory to all parties," and "share equally any administrative costs and fees." (Doc. no. 1, Ex. 2 at 51.) Further, the Court encourages the parties to arrange and engage in mediation in an expeditious manner. Should the mediation fail, any delay could negatively affect either parties' interests, especially when considering the current status of RFP 13-125.

### III. CONCLUSION

This case is hereby **STAYED**, and the Clerk is **DIRECTED** to close this case for statistical purposes. Upon the conclusion of mediation, the parties shall either provide the Court with a notice of settlement or a motion to reopen this case accompanied by a proposed scheduling order setting forth an expedited

---

[3] Section 4.15 also states: "During the course of mediation, any party to the mediation may apply for injunctive relieve [sic] from any court of competent jurisdiction until the mediation period expires or the dispute is otherwise resolved." (Doc. no. 1, Ex. 2 at 51.) Possibly, Mobility's motion for mandamus and for a preliminary injunction would fall within this provision. However, the relief requested in that motion – to compel the City to void its vote to terminate the Agreement, as well as to enjoin the City's forward movement on RFP 13-125 – has implications which would necessarily extend beyond the conclusion of the mediation period. Therefore, the Court will decline to rule on Plaintiff's motion until jurisdiction has been established and mediation has concluded.

timeline for the remainder of this case. Should a motion to reopen be required, either party may also notify the Court as to any motion that was pending prior to the entry of this Order that the party wishes to have the Court resume considering. If the mediation has not concluded by **Monday, July 15, 2013**, the parties shall jointly submit a status report on that date.

Notwithstanding the stay, Mobility shall have until **5:00 p.m.** on **Friday, June 28, 2013**, to **SHOW CAUSE** as to why the Court should not dismiss this case for lack of subject-matter jurisdiction.

**ORDER ENTERED** at Augusta, Georgia, this 25th day of June, 2013.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA