IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| MOBILITY TRANSIT SERVICES, LLC, a Florida limited liability company, | * * * * |
| Plaintiff, | * * |
| v. | *   CV 113-082 |
| AUGUSTA, GEORGIA, | * * * |
| Defendant. | * |

**O R D E R**

Presently pending before the Court is Plaintiff's motion to reopen and Defendant's response thereto. (Doc. nos. 26, 29.) Both parties represent that the mediation condition precedent has been satisfied and was unsuccessful. Accordingly, the stay (doc. no. 20) is lifted, and the Clerk is **DIRECTED** to **REOPEN** this case.

As requested by the parties, the Court will resume considering Plaintiff's motion for writ of mandamus and preliminary injunction (doc. no. 8) and Defendant's motion to dismiss (doc. no. 17).[1] Plaintiff also requests for the Court to

---

[1] In part, Plaintiff's motion for mandamus and preliminary injunction asks the Court to enjoin further evaluation and award of RFP 13-125. (See Doc. no. 8 at 1, & Ex. 1 at 15, 18.) As explained in the Court's June 28, 2013 Order denying emergency injunctive relief (doc. no. 24), Mobility has not established a substantial likelihood of success or an irreparable injury that would warrant an injunction against the City awarding RFP 13-125. That issue has been resolved. However, to the extent that Plaintiff's motion for writ of mandamus and preliminary injunction asks the Court to compel the City to comply with the Georgia Open Meetings Act, that issue has not yet been addressed and remains pending. (See Doc. no. 8 at 1, & Ex. 1 at 5-14.)

Similarly, the Court has already addressed the jurisdiction issue and mediation condition precedent issue presented in Defendant's motion to dismiss. (See Doc. no. 17, Ex. 1 at 10-11; Doc. nos. 20, 23.) Moving forward, the Court will consider only the remaining issues.

resume considering its requests for declaratory judgment and attorney's fees (doc. no. 1), but currently there is no motion pending for the Court to address those claims. Similarly, there is no motion pending regarding Defendant's counterclaim for breach of contract (regarding the inventory dispute).

The Court observes that Defendant's motion to dismiss relies on documentary evidence outside of the pleadings. (See Doc. no. 17 at 2-3, 6-9, 12.) For that reason, the Court hereby **CONVERTS** Defendant's motion to dismiss into a motion for summary judgment and will give the parties a reasonable opportunity to present additional material pertinent to the motion as outlined below. See Fed. R. Civ. P. 12(d). The clerk is directed to **ISSUE** the standard notice regarding motions for summary judgment.

While following the progression of this case, the Court has noticed an issue which the parties have not addressed and which could materially impact both Defendant's converted motion for summary judgment and Plaintiff's motion for writ of mandamus and preliminary injunction. Plaintiff's motion to reopen indicates that on July 16, 2013, Defendant's Commission held a meeting and voted affirmatively to ratify its February 19, 2013 vote to provide Plaintiff with a 90-day notice of intent to terminate its existing transit services contract.[2] As the parties are

---

[2] Currently, there is no evidence on record regarding the July 16, 2013 meeting. Also, Plaintiff's motion for emergency relief indicated that Defendant held a meeting on June 27, 2013, which addressed issues pertinent

2

aware, under Georgia law, violations of the Georgia Open Meetings Act may be rendered moot by subsequent actions taken by the state agency in a public meeting that is compliant with the Georgia Opens Meeting Act.[3]  See <u>Schoen v. Cherokee Cnty.</u>, 242 Ga. App. 501, 502 (2000); <u>Bd. of Comm'rs v. Levetan</u>, 270 Ga. 544, 548 (1999).  The Court would like the parties to present evidence and argument addressing (1) whether the July 16, 2013 meeting was compliant with the Georgia Open Meetings Act, and (2) whether the actions taken at the July 16, 2013 meeting moot the issues presented in the currently pending motions.

The following briefing schedule will apply.  Defendant will have **fourteen days** from the date of this Order to (1) supplement the converted motion for summary judgment with additional evidence and argument as needed, and (2) present evidence and argument regarding the mootness issue as outlined above. Plaintiff will have **fourteen days** from the date that Defendant files its supplemental brief to (1) supplement its response to the converted motion for summary judgment, and (2) present evidence and argument regarding the mootness issue.  The parties

---

to this case. (Doc. no. 22, Ex. 1 at 2.)  There is no evidence on record regarding that meeting.

[3] Defendant raised the mootness issue in its motion to dismiss and at the June 7, 2013 hearing.  (<u>See</u> Doc. no. 16; Doc. no. 17, Ex. 1 at 6-7.) There, Defendant argued that even if Defendant's Commission discussed Mobility's contract in the closed legal session of its February 19, 2013 meeting, the actual vote to issue the notice of termination was taken during a portion of that meeting open to the public.  That issue is distinct from whether actions taken at the July 16, 2013 meeting moot any alleged Georgia Open Meetings Act violations.

may request additional time if necessary.[4]  The dates outlined above will supersede the timing requirements found in the standard notice issued by the Clerk to the extent there is a conflict.

**ORDER ENTERED** at Augusta, Georgia, this ____ day of August, 2013.

```
                    _____
                    HONORABLE J. RANDAL HALL
                    UNITED STATES DISTRICT JUDGE
                    SOUTHERN DISTRICT OF GEORGIA
```

---

[4] In the parties' Rule 26(f) report, they did not anticipate a need for any additional filings and waived their rights to initial disclosures. (Doc. no. 27 at 1-2.)  The report at least suggests that they are not pursuing any discovery in this case. (See id. at 1-4.)  The Court presumes that no time for discovery is needed in this case.  If the parties need time for discovery following this Order, they should request it.